| |
|---|
| **DB Auraria LLC v Nelson** |
| 2024 NY Slip Op 31436(U) |
| April 19, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 653436/2022 |
| Judge: Melissa A. Crane |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. MELISSA A. CRANE                    PART                    60M

_Justice_

-----------------------------------------------------------------X

DB AURARIA LLC,

INDEX NO.            653436/2022

Plaintiff,

MOTION DATE         03/12/2024

- v -

MOTION SEQ. NO.         009

PATRICK NELSON, NELSON PARTNERS, LLC

**DECISION + ORDER ON
MOTION**

Defendant.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 009) 207, 208, 209, 210, 211, 212, 213, 214, 215, 225, 226, 227, 228, 229, 230, 234, 235, 236, 237, 238, 239, 244, 245, 247, 266

were read on this motion to/for                    MISCELLANEOUS                    .

Upon the foregoing documents, it is

The court held a multi-day hearing (5 days total) to determine whether to hold defendants in contempt and whether to appoint a receiver over the interests of the judgment debtors in any business entity. For the reasons stated on the record on April 5, 2023, plaintiff's motion for a receiver, pursuant to CPLR 5228, is granted.

In deciding whether to appoint a receiver, the court considers: (1) whether there are less drastic alternative remedies; (2) the degree to which receivership will increase the likelihood of satisfaction and (3) the risk of fraud or insolvency were the court not to appoint a receiver (see _Hotel Mezz Lender LLC v Falor_, 14 NY3d 303, 317 (2010).

The hearing revealed an individual, defendant Patrick Nelson, who clearly cares a great deal about the business of student housing. The hearing also revealed that the business as a whole, (ie. all the entities holding the properties, be they LLCs, DSTs or something else) is over-leveraged for a variety of reasons, including possibly not having healed yet from the effects of the pandemic on student housing.

653436/2022   DB AURARIA LLC vs. NELSON, PATRICK ET AL
Motion No. 009

Page 1 of 4

However, there are glaring reasons to appoint a receiver. First and foremost is the judgment debtors' inability to comply with court orders. On March 18, 2024, at defendants' urging, this court cut back on a previous order, but did direct defendants to provide a detailed accounting of their assets each month [EDOC 247]. Despite everything being on the line, defendants failed to comply on time. Although defendants' lawyers threw themselves on the sword to take the blame for this failing because of some kind of "misunderstanding," it was ultimately defendants' responsibility to comply. Moreover, the excuse seems to be yet another liberal "misunderstanding" (see Tr. dated April 5, 2024 pg 36 [EDOC 270]). These "misunderstandings" form a pattern. It harkens back to the first day of testimony when Mr. Nelson testified he did not understand the restraining notices operated to preclude certain transactions.

Equally disturbing were defendants' efforts to distance themselves from their own documents when they became inconvenient. For example, the judgment debtors changed the amount of debt on their properties that their own documents reflected. Entries on defendants' own documents reflecting inter-company transfers suddenly became loans so that the debtors could portray the funds as belonging to an entity other than the debtor.

When confronted with an "Agreed Final Judgment' from a case involving real property in Texas, in which he admitted to making false statements, Mr. Nelson claimed his lawyer acted without authority. A chart from defendants, (Pl. Ex 24), purports to be a list of properties in which Nelson Partners has an ownership interest. Under the column "Nature of Ownership" often the term "Fee Simple" appears. At trial, Mr. Nelson testifies that the chart was rife with errors. For instance, Hampton Ridge is not owned in fee simple, but rather Nelson Partners owns NP Hampton Ridge which owns Hampton Ridge. This type of ownership is more distant

**653436/2022 DB AURARIA LLC vs. NELSON, PATRICK ET AL**
**Motion No. 009**

Page 2 of 4

2 of 4

that that of fee simple. Moreover, the debt on properties in which the debtors have an interest kept growing at trial.

There was also conflicting testimony about the ownership of NBPRE, yet another company in this labyrinth of companies. First, Mr. Nelson was an owner of NBPRE. Then, it was his brother who was the owner. There appears to be a deficient tracking for who owns what and what is owed to whom. Conveniently, one of the Borrowers on a sale, NB 700 Logan, LLC, is owned by Mr. Nelson's brother. That entity, along with NP Hampton Ridge, LLC, that Mr. Nelson testified Nelson Partners owns, received $5,000,000.00 in a sale on August 10, 2023. Plaintiff received nothing. (See Pl Ex 26).

It is also clear from the evidence that Nelson Partners Property Management (NPPM), an entity over which this court does not currently have jurisdiction, is now paying personal expenses for Mr. Nelson. Mr. Nelson testified that NPPM is paying his child support and mortgage and is even paying NP's employee salaries. There are several instances where NPPM loaned money to NP and then the money was immediately transferred to Mr. Nelson, his ex-wife or his mother (see, e.g. Pl Ex 6). Thus, it is clear that the judgment debtors are attempting an end run around the restraining notices by having an affiliate they control pay personal expenses and other debts of their choosing.

Money flows between the various entities so freely in the form of "loans" (see PL Ex 5) that it is difficult to track and leaves the court wondering why the judgment debtors could not take a loan to pay the judgment here? Even worse, it appears that Mr. Nelson has a second string of entities under the Sun Pacific umbrella that are engaged in the same business as the Nelson Partners empire.

**653436/2022  DB AURARIA LLC vs. NELSON, PATRICK ET AL**
**Motion No. 009**

Page 3 of 4

3 of 4

[* 3]

Finally, the evidence shows that there is a high risk of insolvency within and among the Nelson Partners empire. Receivers or bankruptcy trustees have taken over at least 8 managed properties. Investors have sued. Yet, Mr. Nelson blames everyone else for his business failings: the documents are wrong because the person who wrote them made mistakes; this court's order spooked the lender for the sale of University Gardens that tanked the deal; plaintiffs are predatory lenders. It is always someone else's fault, never his own.

For all these reasons, a receiver is more than appropriate at this juncture (see *In re 4042 East Tremont Café Corp., v Sodono III*, 177 AD3d 456, 459 [1st Dep't 2019]).

Accordingly, the court grants the motion in accordance with the attached judgment and order appointing a receiver.

| 4/19/2024 | | | |
|---|---|---|---|
| DATE | | MELISSA A. CRANE, J.S.C. | |

| CHECK ONE: | [X] CASE DISPOSED | [ ] NON-FINAL DISPOSITION | |
| | [X] GRANTED | [ ] DENIED | [ ] GRANTED IN PART | [ ] OTHER |
| APPLICATION: | [ ] SETTLE ORDER | [ ] SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | [ ] INCLUDES TRANSFER/REASSIGN | [ ] FIDUCIARY APPOINTMENT | [ ] REFERENCE |

653436/2022   DB AURARIA LLC vs. NELSON, PATRICK ET AL
Motion No. 009

Page 4 of 4

4 of 4